UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWN D. WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 17-6840 |
| DEPUTY D. SENTIMORE ET AL. | SECTION "A"(2) |

## REPORT AND RECOMMENDATION

Plaintiff, Shawn D. Washington, is a pretrial detainee currently incarcerated in the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Jefferson Parish Sheriff Newell Normand, Deputy D. Sentimore, Sergeant M. Ennis and the JPCC. Plaintiff's complaint alleges that he was subjected to excessive force by defendants Sentimore and Ennis during his incarceration. He seeks monetary damages. Record Doc. No. 1 (Complaint at ¶¶ IV, V).

On September 21, 2017, I conducted a telephone conference in this matter. Record Doc. No. 20. Participating via telephone were plaintiff pro se; Danny Martiny, counsel for defendants. Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.

## THE RECORD

Washington testified that he is currently incarcerated in the JPCC based upon his arrest on May 12, 2016, on charges of being a felon in possession of a firearm and possession with intent to distribute marijuana. He did not know his trial date. He

confirmed that he asserts a single claim of excessive force arising from an incident on May 8, 2017, during his incarceration in JPCC.

Plaintiff stated that defendants, Sergeant M. Ennis and Deputy D. Sentimore, and Deputies Dumas and Jay Glass, came to his cell during roll call at about 10:00 p.m. on May 8, 2017. He testified that Deputy Dumas pat-searched him. Washington said he had a state-issued pen in his sock so that he would not lose it. He stated that Deputy Dumas told him to get the pen out of his sock and give it to the deputy. Plaintiff said he had the pen in his hand when Sgt. Ennis grabbed her pepper spray and told him to give the pen to the deputy. Washington said he asked Sgt. Ennis why she had her pepper spray out.

Plaintiff testified that Sgt. Ennis did not give him a chance to give up the pen before she told Deputy Dumas to handcuff plaintiff and to hit him. Washington said he had the pen in his hand when Deputy Sentimore tackled him and punched him in the face with a closed fist. Plaintiff stated that either Deputy Dumas or Glass handcuffed him and that Deputy Sentimore kept hitting him for about four minutes after he was handcuffed. Washington testified that Deputy Sentimore hit him on his lower legs and back and put his knee in the back of plaintiff's head. Plaintiff said the right side of his face hit the floor.

Washington reiterated that Sgt. Ennis ordered Deputy Sentimore to attack him, although he never resisted the officers. He stated that jail personnel took pictures of his injuries before he was taken to University Hospital for treatment. He said that a camcorder in the jail recorded the incident.

Washington testified that he suffered a black eye, scratches and cuts on his face, and his face became discolored and swollen as a result of the attack. He said he also had some cuts on his back that were not serious. He testified that nothing was broken and he did not need stitches. He said his face healed in about one and one-half months.

On cross-examination, Washington testified that he had lacerations to the right side of his face. He stated that hospital staff cleaned his face and gave him some medicine to make the swelling go down. He said he was given Percocet at the hospital. He testified that the cuts on his back were not treated, but healed on their own. He said he asked for further treatment at the jail and received ibuprofen. He stated that he is <u>not</u> asserting a claim for inadequate medical care and that his only claim is for excessive force.

Plaintiff testified that he has not seen the police report. He stated that Deputy Sentimore was the only one who struck him. He said he was charged criminally with battery on a correctional officer related to his own actions in the incident, but did not know the status of that charge.

At the conclusion of the <u>Spears</u> hearing, I directed counsel for the Sheriff to determine whether the Sheriff has a video of the incident in his possession, custody or control and to provide me with a copy of the video, if one exists; to investigate the status of the criminal charge against plaintiff based on the May 8, 2017 incident; and to report the results of his investigation to the court in writing. Record Doc. No. 20.

Defense counsel provided the court with a copy of a video and advised that the Jefferson Parish District Attorney was still screening the criminal charge against

Washington. Record Doc. No. 22. I have reviewed the video, which shows that plaintiff was told 14 times to put his hands on the wall and did not do so. During the incident, he said to Sgt. Ennis, "What you gonna do? Don't fucking pepper spray me." No pepper spray is visible. After Washington was told four times by Sgt. Ennis to give the officers the pen, Sgt. Ennis stated that "he doesn't want to give it up." The video camera then careens wildly around the room. The physical altercation lasts about 25 seconds. There is no video footage of the altercation itself, but there is a sound like two punches with grunts. Sgt. Ennis then yells, "Stop, Sentimore! Stop, Sentimore! Stop," at which point no further sounds of altercation are heard. About 90 seconds later, apparently in response to a question from someone who did not witness the incident, Sgt. Ennis stated: "He had this in his sock and when we tried to get it from him, he decided he'd rather fight."

My staff contacted the Clerk of Court of the 24th Judicial District Court for the Parish of Jefferson, who advised that a criminal charge of battery of a correctional facility employee was filed against plaintiff in Case No. 17-4260 in Division 8 of that court. The criminal case is set for a pretrial conference on October 16, 2017, along with other charges pending against Washington in Case Nos. 16-4509 (possession with intent to distribute marijuana), 16-2897 (convicted felon with a weapon and aggravated criminal damage to property) and 17-523 (obscenity).

## **ANALYSIS**

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Lee v. Hennigan, 98 F. App'x 286, 287 (5th Cir. 2004) (citing Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998)); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998); Lewis v. Sec'y, DOC, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), aff'd, 589 F. App'x 950 (11th Cir. 2014). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Lewis v. Charlotte Corr. Inst. Emps., 589 F. App'x 950, 952 (11th Cir. 2014); Thompson, 213 F. App'x at 942; Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a Spears hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims. Spears, 766 F.2d at 180. "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir. 1991); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990). "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." Spears, 766 F.2d at 182.

The court may make only limited credibility determinations in a Spears hearing, Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) (citing Cay v. Estelle, 789 F.2d 318, 326-27 (5th Cir. 1986), overruled on other grounds by Denton v. Hernandez, 504 U.S. 25 (1992)), and may consider and rely upon documents as additional evidence, as long as they are properly identified, authentic and reliable. "The Court should allow proper cross-examination and should require that the parties properly identify and authenticate documents." Id. (citing Wilson, 926 F.2d at 482-83; Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990)).

6

After a Spears hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible." Id. at 270.

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous, because his claims lack an arguable basis in law, or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims, or under Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's complaint, as

amended by his testimony at the Spears hearing, fails to state a claim under the broadest reading.[1]

## II.   HECK BARS SECTION 1983 CLAIMS

Washington claims that he was subjected to excessive force by defendants Ennis and Sentimore on May 8, 2017. However, he admits that he was criminally charged with battery on a correctional facility employee as a result of that incident. See La. Stat. Ann. § 14:34.5 ("Battery of a correctional facility employee is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duty."). The Clerk of the 24th Judicial District Court confirmed that the resulting criminal charge of battery on a correctional facility employee remains pending against Washington, with a pretrial conference set for October 16, 2017. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

8

> would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks injunctive relief. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)).

Washington's claims are clearly connected to the validity of his present criminal charge of battery on a correctional facility employee, one of the charges as to which he remains confined as a pretrial detainee. <u>See</u> <u>Heck</u>, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); <u>Ruiz v. Hofbauer</u>, 325 F. App'x 427, 431 (6th Cir. 2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by

9

tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from plaintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Penley v. Collin Cnty., 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

> In a case presenting a claim similar to the one asserted by Washington in this case,
>
> [plaintiff] was arrested and convicted of battery of an officer. In Louisiana, self-defense is a justification defense to the crime of battery of an officer. To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Because self-defense is a justification defense to the crime of battery of an officer, [plaintiff's] claim that [the officers] . . . used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question <u>whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction</u>.

Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citations omitted) (emphasis added); accord Ducksworth v. Rook, 647 F. App'x 383, 386 (5th Cir. 2016).

10

In the instant case, Washington's confinement has not been set aside in any of the ways described in Heck. On the contrary, the charge against him of battery on a correctional facility employee arising out of the same incident in which he alleges that defendants used excessive force remains pending.

Plaintiff's claims that Deputy Sentimore and Sgt. Ennis used excessive force would necessarily imply the invalidity of the pending charge, and ultimately conviction if he is convicted, on the charge of battery on a correctional facility employee. Heck, 512 U.S. at 479; Ducksworth, 647 F. App'x at 386; Arnold v. Town of Slaughter, 100 F. App'x 321, 325 (5th Cir. 2004); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).

The charge against Washington has not been set aside in any of the ways described in Heck. Thus, any claim of excessive force in violation of Section 1983 is premature and must be dismissed, until such time that he is acquitted or, if he is convicted, his criminal conviction is set aside. As the Fifth Circuit has noted, the dismissal of plaintiffs' Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Section 1983 complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), or pursuant to Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___10th___ day of October, 2017.

_____<br>
JOSEPH C. WILKINSON, JR.<br>
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.